IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00497-GPG

LEON BARTLETT,

      Plaintiff,

v.

STATE OF COLORADO,
RICK RAEMISCH,
ROGER WERHOLTZ,
TONY CARACHI,
TOM CLEMENTS,
ARISTEDES ZAVARAS,
JOE ORTIZ,
JOHN SUTHERS, and
MARY CARLSON, In Their Individual and Official Capacities as Executive Directors of
      the Colorado Department of Corrections,

      Defendants.

---

## ORDER TO FILE AMENDED PRISONER COMPLAINT

---

Plaintiff Leon Bartlett, a *pro se* prisoner litigant, has filed a Prisoner Complaint

pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief and money

damages.

The Court must construe Plaintiff's Complaint liberally because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act

as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.  Plaintiff will be

directed to file an Amended Complaint for the reasons stated below.

The twin purposes of a complaint are to give the opposing parties fair notice of

the basis for the claims against them so that they may respond and to allow the Court

to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims. *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

The Court has reviewed Plaintiff's Complaint and finds that he fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's claims are presented in a repetitive format and are unnecessarily long..

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's

2

sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir.

1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court,

however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by

submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8 and

complies with the following directives.

Plaintiff also must assert personal participation by each named defendant in the

alleged constitutional violation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th

Cir. 1976).  To establish personal participation, Plaintiff must show how each named

individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S.

159, 166 (1985).  There must be an affirmative link between the alleged constitutional

violation and each defendant's participation, control or direction, or failure to supervise.

*See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Supervisors can only be held liable for their own misconduct.  *See Ashcroft v.

Iqbal*, 556 U.S. 662, 676 (2009).  A supervisor cannot incur liability under § 1983 for his

mere knowledge of a subordinate's wrongdoing.  *Id.*; *see also Fogarty v. Gallegos*, 523

F.3d 1147, 1162 (10th Cir. 2008) *(*"[Section] 1983 does not recognize a concept of strict

supervisor liability; the defendant's role must be more than one of abstract authority

over individuals who actually committed a constitutional violation.").  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for
> conduct "arising from his or her superintendent
> responsibilities," the plaintiff must plausibly plead and
> eventually prove not only that the official's subordinates
> violated the Constitution, but that the official by virtue of his
> own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at

677).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id.* at 1199.  Accordingly, it is

ORDERED that Plaintiff shall have **thirty days from the date of this Order** to file an Amended Complaint as directed above.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant) along with the applicable instructions at www.cod.uscourts.gov, to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that if Plaintiff fails to comply within the time allowed the Court will address the claims pursuant to the federal rules of civil procedure and dismiss improper and insufficient claims accordingly.

DATED March 11, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge