IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 15-cv-00497-GPG


LEON BARTLETT,

      Plaintiff,

v.

THE PEOPLE OF THE STATE OF COLORADO,
RICK RAEMISCH, Director of the Department of Corrections, and
MARY CARLSON, CDOC Time Computation Manager,

      Defendants.

---

## ORDER OF DISMISSAL

---

      Plaintiff Leon Bartlett is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Crowley Correctional Facility in Olney Springs, Colorado.  This action was initiated on March 9, 2015, when Plaintiff submitted a Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Plaintiff was granted leave to proceed pursuant to § 1915.

      On March 11, 2015, Magistrate Judge Gordon P. Gallagher directed Plaintiff to file an Amended Complaint that complied with Fed. R. Civ. P. 8.  Plaintiff filed an Amended Complaint on March 20, 2015.  Even though the claims and sections of the Complaint form were not presented in proper sequence, Magistrate Judge Gallagher reviewed the Amended Complaint and found as follows:

Plaintiff states in the Nature of the Case section of the complaint form that this case involves the calculation of his mandatory release date (MRD).  Am. Compl., ECF No. 6, at 4.  Plaintiff contends that under Colorado law the correct method of calculating a mandatory release date is to take the number of years an offender is sentenced, subtract the time actually served, and then further reduce the ultimate sentence by any presentence credit, earned time, and good time the offender has accumulated.  *Id.*  Plaintiff further contends that the DOC is correct that it has discretion to award good time or earned time or deduct presentence confinement credit for jail time, but once was an inmate accumulates earned or good time or presentence confinement time "the higher the custody level will be for that inmate."  *Id.* at 5.  Plaintiff also contends that possibly he was denied discretionary parole when he reached his parole eligibility date (PED) because his MRD was perceived to be too far in the future; as a result the miscalculation of the MRD results in miscalculation of statutory discharge dates.  *Id.*

In the Claim One set forth on pages four and five, Plaintiff asserts that his Fourth Amendment rights are being violated because Defendants are holding him beyond his MRD, which is also his statutory discharge date, without probable cause.  *Id.* at 4.

In the claim identified as Claim One on pages eight through twelve, Plaintiff asserts that he has a "vested liberty interest in all presentence confinement credits and/or good time on the presentence confinement." Id. at 12.  Plaintiff also asserts that any "[e]arned or good time, educational earned time, as well as provisional earned time, which has been awarded to him under statute and court ordered . . . once awarded . . . must be applied as such."  *Id.*  Finally, Plaintiff contends that the date of his parole termination is being calculated in the same manner that Randel Ankeney's parole termination date was calculated, which is in violation of his Fourth, Eighth, and Fourteenth Amendment rights, based on the Colorado Court of Appeals (CCA) finding in *Ankeney v. Raemisch*, No. 2012ca1930 (Colo. App. Aug. 22, 2013).  *Id.*  Plaintiff seeks monetary damages.

In Claim Three of the Amended Complaint, Plaintiff asserts that his Eighth Amendment rights are being violated because he has met all requirements for receiving (1) fifteen days of good time per month pursuant to Colo. Rev. Stat. § 17-22-5-301; (2) thirty days of earned time for every six months of incarceration pursuant to Colo. Rev. Stat. § 17-22.5-302; and (3) ten days of earned time per month pursuant to Colo. Rev. Stat. § 17-22.5-405.  Id. at 6-7.   Relying on Color. Rev. Stat. §§ 17-25-5-101 and 17-22.5-402(1), Plaintiff concludes that Defendants

should have subtracted all earned time, good time, and presentence credit

2

"from each sentence on parole violations." *Id.*

On March 16, 2015, the Colorado Supreme Court (CSC) issued an opinion in Ankeney v. Raemisch, et al., No. 13SA336 (Colo. 2015) (*en banc*), that reversed the decision of the CCA and the Fremont District Court and determined that inmates, such as Mr. Ankeney, are not entitled to have their sentences calculated in the manner advocated by Mr. Ankeney.  The CSC found that for inmates whose crimes were committed after July 1, 1993, good time credits awarded pursuant to Colo. Rev. Stat.§ 17-22.5-301, and the earned time credits awarded pursuant to § 17-22.5-302(1), "do not constitute the service of an inmate's sentence but rather have significance only for calculating his eligibility for release to parole." *Ankeney*, No. 13SA336 at 11 (citing *Jones v. Martinez*, 799 P.2d 385, 387 (Colo. 1990); *Thiret v. Kautzky*, 792 P.2d 801, 805 (Colo. 1990); *Bynum v. Kautzky*, 784 P.2d 735, 738-39 (Colo. 1989); *Renneke v. Kautzky*, 782 P.2d 343, 345 (Colo. 1989)). Furthermore, the plaintiffs in the proposed class action suit, *Ankeney, et al., v. Raemisch, et al.*, No. 14-cv-00007-MSK-KMT (D. Colo. Mar. 26, 2015), that was pursued in this Court based on the CCA's finding in Ankeney, now have voluntarily dismissed the action in light of the CSC's reversal of the CCA's judgment in *Ankeney. See Ankeney*, No. 14-cv-00007-MSK-KMT at ECF No. 66.

Show Cause Ord., ECF No. 11 at 2-4.

Magistrate Judge Gallagher then directed Plaintiff to respond and show cause why this action should not be dismissed pursuant to the CSC's recent decision in *Ankeney*, No. 13SA336, which dispels Plaintiff's claims.  Plaintiff was warned that if he failed to show cause within the time allowed the Court would dismiss the action with prejudice.

Rather than respond to the Order to Show Cause Plaintiff initiated a new action, *Bartlett v. Raemisch, et al.*, No. 15-cv-01064-GPG (D. Colo. Filed May 20,2 015), and acknowledges in the new complaint that this action is subject to dismissal pursuant to the Colorado Supreme Court decision in *Ankeney*.  The Court, therefore, will dismiss this action.  Accordingly, it is

ORDERED that the Complaint and action are dismissed with prejudice pursuant to *Ankeney v. Raemisch, et al.,* No. 13SA336 (Colo. 2015).  It is

3

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __28th__ day of ___May_____, 2015.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court